UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.  CASE NO: 3:11-cr-138-J-32JRK

GARIBALDI PEREZ SOLORIO  ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A)

**O R D E R**

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED after complete review of the motion on the merits.

☒ FACTORS CONSIDERED

Defendant Garibaldi Solorio is a 38-year-old inmate incarcerated at Springfield MCFP, serving a 188-month term of imprisonment for conspiracy to distribute five kilograms or more of cocaine. (Doc. 265, Judgment; Doc. 439, Order Reducing Sentence).[1] According to the Bureau of Prisons (BOP), he is scheduled to be released from prison on December 28, 2024. Defendant, through counsel, seeks

---

[1] The Court originally sentenced Defendant to a term of 200 months in prison. However, the Court reduced his term of imprisonment to 188 months based on Amendment 782 to the United States Sentencing Guidelines. (Doc. 439).

compassionate release because of the Covid-19 pandemic and because he suffers from Stage 5 chronic kidney disease and hypertension. (Doc. 445, Pro Se Motion for Compassionate Release; Doc. 449, Supplemental Motion for Compassionate Release). Defendant also asserts that he suffers from chronic pain due to trauma, anemia, secondary hyperparathyroidism, vitamin D deficiency, hyperlipidemia, and metabolic disorder. (Doc. 449 at 3). However, Defendant primarily focuses on chronic kidney disease and hypertension. Defendant states that he "is dependent on renal dialysis and has limited mobility because of multiple surgeries to his lower extremities." (Id.)

A movant for compassionate release bears the burden of proving that a reduction in sentence is warranted. United States v. Heromin, No. 8:11-cr-550-T-33SPF, 2019 WL 2411311, at *2 (M.D. Fla. Jun. 7, 2019); cf. United States v. Hamilton, 715 F.3d 328, 337 (11th Cir. 2013) (a movant under § 3582(c)(2) bears the burden of proving that a sentence reduction is appropriate). As the Third Circuit Court of Appeals has observed, the mere existence of Covid-19 cannot independently justify compassionate release, "especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020).

The United States concedes – and the Court agrees – that Defendant's Stage 5 chronic kidney disease, in combination with the Covid-19 pandemic, qualifies as an extraordinary and compelling circumstance for purposes of 18 U.S.C. § 3582(c)(1)(A).

(Doc. 449 at 10-12).[2] Nevertheless, the Court determines that a sentence reduction is not warranted at this time. The record indicates that Defendant's kidney disease is treated through regular kidney dialysis. At 38 years old, Defendant's risk of severe illness from coronavirus is somewhat – although not completely – offset by his relatively young age. Moreover, the BOP has undertaken extensive precautions to mitigate the spread and the effects of Covid-19. Like nearly every prison, BOP officials have not been able to prevent Covid-19 from reaching Springfield MCFP. According to the BOP's latest data, 51 inmates and eight staff members are currently positive for coronavirus, while nine inmates and 26 staff members have recovered.[3] However, out of the facility's 858 total inmates and 60 inmate infections, no inmates have died of the virus. Together with the fact that Defendant is relatively young, that his kidney disease is treated, and that he resides at a dedicated medical facility, it appears he is not at the highest risk for severe illness from Covid-19.

Moreover, the sentencing factors under 18 U.S.C. § 3553(a) do not support a reduction in sentence. 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13. Defendant was convicted of an unusually serious and expansive drug-trafficking conspiracy. Between 2007 and 2010, Defendant participated in a large-scale international drug operation,

---

[2]     The Court recognizes there is a split of authority over whether district courts are bound by the list of extraordinary and compelling reasons contained in U.S.S.G. § 1B1.13, cmt. 1(A)-(C). See United States v. Brooker, — F.3d —, No. 19–3218–CR (2d Cir. Sept. 25, 2020), Slip Op. at 12. Because the Court assumes that Defendant's condition qualifies as an "extraordinary and compelling reason" in the context of Covid-19, the Court's decision does not depend on the resolution of that issue.

[3]     https://www.bop.gov/coronavirus/. Last accessed October 20, 2020. These numbers are updated daily.

which involved the movement of hundreds of kilograms of cocaine from Mexico through southern Texas and into the region of Ocala and Jacksonville, Florida. (Doc. 218, Plea Agreement at 15-27; Presentence Investigation Report [PSR] at ¶¶ 5-36). The Court determined that Defendant was accountable for at least 150 kilograms, but less than 450 kilograms, of cocaine. (PSR at ¶ 42; Doc. 439). Although Defendant was not the organizer or leader of the conspiracy, he received a three-level guidelines enhancement for playing a managerial or supervisory role. (PSR at ¶ 45). Defendant's current sentence of 188 months reflects the low end of his amended guidelines range, and according to the BOP, he has more than four years remaining on his sentence (accounting for good time credits). The Court commends Defendant for his educational pursuits while in prison. (See Doc. 449-4). However, in view of all the § 3553(a) factors, including the need to reflect the seriousness of the offense, a further sentence reduction is not warranted at this time.

Additionally, Defendant's interests may not be served by being released from prison early. Currently, Defendant has access to regular kidney dialysis and round-the-clock medical attention. Were he to be released from Springfield MCFP, he would be responsible for securing access to dialysis and other medical care. Defendant states that he will "ha[ve] access to medical care once released," (Doc. 445 at 3), but it is unclear that he has a plan for doing so. Compounding matters, Defendant's BOP record indicates that immigration authorities have lodged a detainer for his deportation. (See Doc. 449-4 at 2). Were the Court to grant Defendant compassionate release, he may end up leaving Springfield MCFP only to enter an immigration

facility that is less equipped to address his medical needs, and where he is no less exposed to Covid-19. While the Court may not <u>extend</u> a defendant's prison term based on the need for treatment, <u>Tapia v. United States</u>, 564 U.S. 319, 321 (2011), it may consider a defendant's need for medical care in declining to <u>shorten</u> his term of imprisonment, <u>United States v. Chambliss</u>, 948 F.3d 691, 694 (5th Cir. 2020).

Accordingly, upon review of the merits, Defendant's Pro Se Motion for Compassionate Release (Doc. 445) and Supplemental Motion for Compassionate Release (Doc. 449) are **DENIED**.[4]

**DONE AND ORDERED** at Jacksonville, Florida this 27th day of October, 2020.

*/s/ Timothy J. Corrigan*
TIMOTHY J. CORRIGAN
United States District Judge

Lc 19

Copies:
Counsel of record
Defendant

---

[4] To the extent Defendant requests that the Court order home confinement, the Court cannot grant that request because the Attorney General has exclusive jurisdiction to decide which prisoners to place in the home confinement program. See <u>United States v. Alvarez</u>, No. 19-cr-20343-BLOOM, 2020 WL 2572519, at *2 (S.D. Fla. May 21, 2020); <u>United States v. Calderon</u>, 801 F. App'x 730, 731-32 (11th Cir. 2020) (a district court lacks jurisdiction to grant a request for home confinement under the Second Chance Act).