**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

UNITED STATES OF AMERICA

v.  Case No. 3:11-cr-138-TJC-LLL-3

GARIBALDI PEREZ SOLORIO

_____

## ORDER

Defendant Garibaldi Perez Solorio renews his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). (Doc. 477, Renewed Motion; Doc. 479, Sealed Exhibits.) Defendant is a 40-year-old inmate incarcerated at Springfield MCFP, serving a 188-month term of imprisonment for conspiracy to distribute five kilograms or more of cocaine. (Doc. 265, Judgment; Doc. 439, Order Reducing Sentence.) He moves for compassionate release because he has Stage 5 chronic kidney disease (among other conditions), he requires a kidney transplant, he asserts that his facility "is currently in code red for COVID-19," and he is "very [susceptible] to a bad outcome from a positive reaction to COVID-19." (Doc. 477 at 5.)

The United States responds that Defendant's circumstances are no different from the last time he filed a motion for compassionate release, which the Court denied. (Doc. 483, Response; <u>see also</u> Doc. 451, Order Denying First

Motion for Compassionate Release.) The United States asserts that releasing Defendant is unwarranted because his medical conditions are well treated at Springfield MCFP, which is a dedicated medical facility, he has been vaccinated against COVID-19, and the § 3553(a) factors do not warrant his release.

A district court "may not modify a term of imprisonment once it has been imposed," except under certain circumstances defined by statute. 18 U.S.C. § 3582(c). One exception is § 3582(c)(1)(A), which provides:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment ... if it finds that extraordinary and compelling reasons warrant such a reduction … and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A)(i). The Eleventh Circuit instructs that U.S.S.G. § 1B1.13 is the applicable policy statement for all § 3582(c)(1)(A) motions, and that "a district court cannot grant a motion for reduction if it would be inconsistent with the [Sentencing] Commission's policy statement defining 'extraordinary and compelling reasons.'" United States v. Bryant, 996 F.3d 1243, 1247, 1249 (11th Cir.), cert. denied, 142 S. Ct. 583 (2021); see also U.S.S.G. § 1B1.13, cmt. 1 (defining "extraordinary and compelling reasons").[1]

---

[1] Application Notes 1(A) through 1(C) provide that a terminal illness or a serious medical condition, old age, and certain family circumstances qualify as extraordinary and compelling reasons. Application Note 1(D) provides that extraordinary and compelling reasons exist if,

"[B]y dint of § 3582(c)(1)(A)'s plain text, a district court may reduce a term of imprisonment if (1) the § 3553(a) sentencing factors favor doing so, (2) there are 'extraordinary and compelling reasons' for doing so, and … (3) doing so wouldn't endanger any person or the community within the meaning of § 1B1.13's policy statement." United States v. Tinker, 14 F.4th 1234, 1237 (11th Cir. 2021). However, "nothing on the face of 18 U.S.C. § 3582(c)(1)(A) requires a court to conduct the compassionate release analysis in any particular order." Id. "Because all three conditions – i.e., support in the § 3553(a) factors, extraordinary and compelling reasons, and adherence to § 1B1.13's policy statement – are necessary, the absence of even one would foreclose a sentence reduction." Id. at 1238.

A movant under § 3582(c)(1)(A) must prove that a sentence reduction is warranted. United States v. Kannell, 834 F. App'x 566, 567 (11th Cir. 2021) (citing United States v. Green, 764 F.3d 1352, 1356 (11th Cir. 2014)). "Because the statute speaks permissively and says that the district court 'may' reduce a defendant's sentence after certain findings and considerations, the court's decision is a discretionary one." United States v. Harris, 989 F.3d 908, 911 (11th Cir. 2021). And as the Third Circuit has observed, COVID-19 cannot

---

"[a]s determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." "Application Note 1(D) does not grant discretion to courts to develop 'other reasons' that might justify a reduction in a defendant's sentence." Bryant, 996 F.3d at 1248.

3

independently justify compassionate release, "especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020).

The Court accepts that Defendant's medical conditions qualify as an "extraordinary and compelling reason" under U.S.S.G. § 1B1.13, cmt. 1(A). That said, Defendant's circumstances are essentially identical to the last time he moved for compassionate release in 2020. The Court recognized then that Defendant has Stage 5 chronic kidney disease and other maladies, including hypertension, chronic pain due to trauma, anemia, secondary hyperparathyroidism, vitamin D deficiency, hyperlipidemia, and metabolic disorder. (Doc. 451 at 1–2.) However, the Court determined that compassionate release was unwarranted because Defendant's kidney disease is treated by routine dialysis, he is not elderly, he resides at a dedicated medical facility, and the § 3553(a) factors do not support a reduction. (Id. at 3–4.) The Court also observed that compassionate release might not serve Defendant's interests because he is subject to an immigration detainer, and were he to be released from Springfield MCFP (where he has access to regular dialysis and round-the-clock medical care), it is unclear he would have access to medical treatment. (Id. at 4–5.)

The same analysis holds true today. The medical records continue to reflect that Defendant's conditions are treated and monitored (see generally

4

Doc. 483-2 (Medical Records)), and that he receives routine kidney dialysis (id. at 236–356 (hemodialysis records)). If anything, the risk from COVID-19 is less acute now than it was two years ago. Defendant has since received the Moderna COVID-19 vaccine (Doc. 483-4), and the number of inmates and staff with active infections at his facility is lower now. In October 2020, Springfield MCFP had 51 inmates and 8 staff members who were positive for COVID-19 (Doc. 451 at 3); today, only 8 inmates and 3 staff members are positive.[2] Further, "[t]he application of the [§ 3553(a)] factors today is the same as two years ago." (Doc. 483 at 9; see also Doc. 451 at 3–4.) Defendant recognizes it would be a "death sentence" for him to be deported to Mexico because he "would not be able to receive proper medical treatment," but he insists that if the Court granted him relief under § 3582(c)(1)(A), "the depo[r]tation order will not be enforced." (Doc. 477 at 5.) But Defendant offers no support for this assertion.

Accordingly, after consideration of the parties' briefs and exhibits, as well as the § 3553(a) factors, Defendant's Renewed Motion for Compassionate Release (Doc. 477) is **DENIED.**

**DONE AND ORDERED** at Jacksonville, Florida, this 3rd day of October, 2022.



TIMOTHY J. CORRIGAN
United States District Judge

---

[2] https://www.bop.gov/coronavirus/.

lc 19
c:
Garibaldi Perez Solorio, #55247-018
Counsel of Record